UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARLETHA PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17 CV 2521 DDN |
| | ) |
| ALMOST HOME, | ) |
| RHONDA GREY, | ) |
| CHANTEL SINGLETON, and | ) |
| JENNIFER PRIOR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

This action is before the Court on the motion of defendants to dismiss plaintiff's state common law claims (Doc. 9), the notice of plaintiff Arletha Phillips voluntarily dismissing her federal law and state common law claims (Doc. 12), the motion of plaintiff to remand this case to Missouri state court (Doc. 13), and defendants' motion for the award of attorneys' fees (Doc. 22).

The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I. BACKGROUND

Plaintiff Arletha Phillips commenced this lawsuit in the Circuit Court of the City of St. Louis in August 2017. She alleges that in her employment by defendants she received inappropriate sexual attention from a co-worker, reported this activity to her supervisors, and was ostracized and eventually fired in retaliation for complaining about her co-worker's conduct. (Docs. 1, Ex. 3, 4). Plaintiff alleges four claims against all defendants:

Count 1: employing plaintiff in a hostile work environment;

Count 2: retaliation for reporting the hostile work environment;

Count 3: intentionally inflicting emotional distress on plaintiff; and

Count 4: wrongfully discharging plaintiff in violation of Missouri state public policy. (*Id.*).

Counts 1 and 2 are brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), and the Missouri Human Rights Act, Mo. Rev. Stat. 213.010, *et seq.* ("MHRA"). Counts 3 and 4 are brought under Missouri state common law.

On October 4, 2017, defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. 1). On October 16, 2017, they moved to dismiss the common law Counts 3 and 4 with prejudice, because they are pre-empted by Missouri statutes. (Doc. 9). Also on October 16, 2017, defendants filed an answer generally denying plaintiff's claims and filed affirmative defenses. (Doc. 11).

Thereafter, on October 26, 2017, plaintiff filed a Notice of Voluntary Dismissal *without prejudice* regarding her federal Title VII claims in Counts 1 and 2 and her Missouri common law claims (Counts 3 and 4). (Doc. 12). *See* Fed. R. Civ. P. 41(a)(1). This would leave only her MHRA claims in Counts 1 and 2 for disposition.

Also on October 26, 2017, plaintiff moved for remand of this action to the Missouri state circuit court, arguing that the dismissal of her federal Title VII claims and the lack of diversity of citizenship would destroy the Court's subject matter jurisdiction. 28 U.S.C. § 1447(c) and (e). (Docs. 13, 14). Defendants oppose remand on the grounds that before plaintiff filed her Notice of Voluntary Dismissal of claims they filed an answer, and that they do not consent to plaintiff's voluntarily dismissing her federal law claims. (Doc. 17).

At the hearing before this Court on December 1, 2017, counsel for plaintiff orally in effect amended the notice of voluntary dismissal by clarifying that plaintiff intended to dismiss both the federal law claims and the Missouri common law claims *with prejudice*, not without prejudice. Plaintiff's counsel also orally conceded the merits of defendants'

motion to dismiss the Counts 3 and 4 claims. The Court therefore considers plaintiff's Notice of Voluntary Dismissal to be a request for the dismissal *with prejudice* both the federal Title VII claims in Counts 1 and 2 and the Missouri common law claims of Counts 3 and 4. *See* Fed. R. Civ. P. 41(a)(2).

## II. DISCUSSION

A plaintiff is entitled to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared in the case. Fed. R. Civ. P. 41(a)(1). However, if as here a plaintiff files a notice of dismissal after the opposing party serves an answer, the "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The primary purpose of Rule 41(a)(2) is to prevent a plaintiff from voluntarily dismissing a lawsuit when such a dismissal would "unfairly affect" the defendant. *See Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). The decision to allow a party to voluntarily dismiss its claims rests upon the sound discretion of the district court. *See Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). In exercising that discretion, the court will consider whether the party seeking dismissal has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal would prejudice the defendants. *Id.*

A district court is required to resolve doubts about federal jurisdiction in favor of remand. *See Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). Plaintiff has only stated that she desired to dismiss her federal Title VII claims and her Missouri common law claims with prejudice. Dismissal with prejudice now will prevent the federal law claims and the Missouri common law claims from being refiled, and perhaps from causing the case to be removed to this Court again. This result will be allowed on terms the Court believes are proper, *i.e.*, plaintiff must pay

defendant's costs in order to prevent unfair prejudice. Accordingly, plaintiff's request to voluntarily dismiss these claims is granted. And the Court declines at this early stage of the case to exercise supplemental jurisdiction over plaintiff's MHRA claims. *See* 28 U.S.C. §§ 1331, 1367. The action will be remanded to the Missouri Circuit Court whence it came.

Defendants seek the award of $5,598.00 in attorneys' fees, if the Court remands the action to the state court. (Doc. 22). Plaintiff does not dispute that these fees were incurred for the services described. However, "the district court may deduct from such an award any expenses the defendant[s] incurred in the instant action for work that can be reused in the subsequent litigation." *Garner v. Union Pac. R.R. Co.*, No. 4:15 CV 733 AGF, 2016 WL 612765, at *3 (E.D. Mo. Feb. 16, 2016). Defendants seek $2,172.00 in attorney fees and costs for removing the action to this Court, which includes the removal filing fee of $400; $2,178.00 in attorney fees for their motion to dismiss the state common law claims (Docs. 9 and 10); and $1,248.00 in attorney fees for responding to plaintiff's notice of voluntary dismissal and motion to remand (Doc. 17). (Doc. 22). The fees associated with the motion to dismiss the common law claims will not be taxed to plaintiff, because that effort most likely would have been made if the case had not been removed, and defendants will benefit on remand in the Missouri circuit court from this Court's dismissing Counts 3 and 4 with prejudice. Therefore, the Court awards defendants reasonable costs and fees in the amount of $3,420.00.

An appropriate Order Remanding Case and Awarding Fees is filed herewith.

/s/   **David D. Noce**
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 19, 2018.